FILE COPY

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
CAROLINA SUPERIOR COURTROOM

| | |
|---|---|
| JORGE SANCHEZ RIVERA<br>Plaintiff<br><br>Vs.<br><br>FEDEX FREIGHT, INC; FEDERAL EXPRESS<br>CORPORATION, doing business in Puerto Rico as<br>FEDEX EXPRESS; Insurance Company "XYZ;"<br>"ABC."<br><br>Defendants | CIVIL No. FPE 2015- 0062<br>408<br>IN RE: Law #2; Wrongful dismissal, Age<br>discrimination, Discrimination due to disability<br>damages, vacations, sick leave, Christmas bonus |

[RUBBER STAMP: [ILLEGIBLE] CAROLINA,
CIVIL AND CRIMINAL,
FEB 19, 2015 PM 2:47]

**COMPLAINT**

**TO THE HONORABLE COURT:**

THERE APPEARS the Plaintiff **JORGE SANCHEZ RIVERA,** through his legal representative and who respectfully states, alleges and petitions:

1.  Plaintiff's mailing address: **Urb. Villa Fontana GL-10 Via 25 Carolina PR 00983.**

2.  The co-defendant **FEDEX FREIGHT, INC.,** corporation under the jurisdiction and laws of Arkansas, authorized to do business in Puerto Rico, and with physical address **Kilometer 5.5 Carretera 865, Toa Baja, Puerto Rico, its mailing address being: P.O. Box 1026, Sabana Seca, Puerto Rico 00952.** It is a corporation engaged in courier services and delivery of packages, nationally and internationally.

3.  The co-defendant **FEDERAL EXPRESS CORPORATION,** corporation under the jurisdiction and laws of Arkansas, authorized to do business in Puerto Rico, and with physical address Kilometer 5.5 Carretera 865, Toa Baja, Puerto Rico, its mailing address being: P.O. Box 1026, Sabana Seca, Puerto Rico 00952. It is a corporation engaged in courier services and shipping and delivering of packages, nationally and internationally.

4.  Both co-defendants do business in Puerto Rico as **FEDEX EXPRESS.** Hereinafter, both defendants shall be jointly referred to as **Fedex,** or as **the defendants.**

C:\Users\Yadira\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.IE5\WR03T8XU\Demanda Jorge Sanchez.doc

1

**MASTER TRANSLATING SERVICES, INC.**
10651 N. KENDALL DRIVE, SUITE 220
MIAMI, FLORIDA 33176
(305) 279-2484
www.MasterTranslating.com

5.  The Resident Agent of the Corporation FEDEX FREIGHT, INC, and of FEDERAL EXPRESS CORPORATION, is CT Corporation System, 361 San Francisco Street Penthouse Old San Juan, PR 00901.

## I. PARTIES

6.  The plaintiff **JORGE SANCHEZ RIVERA,** has mainly and directly suffered the damages, reprisals, disability discrimination and wrongful dismissal claimed in this complaint.

7.  **FedEx**, is a for profit business, engaged and was engaged in courier and packages service within and outside of Puerto Rico.

8.  **Gilbert Sesman, Charlie Dueno and Jesus Rodriguez** were FedEx employees and who acted against the defendants, thus resulting in their immediate terminated on **October 1, 2013** for allegedly being unfit to perform the work.

9.  "A BC" is the person or legal entity which responds for the acts or omissions caused to the plaintiff, as well as all causes of actions evoked in this lawsuit.

10. **Jorge Sanchez Rivera** was employed by **Fedex Freight, Inc** from October 2010 to the moment in which he was arbitrarily and unjustly dismissed on October 13, 2013.

11. At the time of his dismissal, Jorge Sanchez Rivera, was 46 years old.

12. The plaintiff filed a complaint before the antidiscrimination unit. After various actions before said agency, he requested authorization for litigating in the Courts. The Federal US Agency Equal Employment Opportunity Commission sent the "Notice of Right to Sue" on May 8, 2014.

13. Out of Court claims have been made to the defendant parties and same have not been fruitful.

## II. FACTS

14. Mr. Jorge Sanchez Rivera, was employed by VLM, a Corporation which provides services for FEDEX of Puerto Rico, begging in October 2010.

15. During that period of time he worked for FEDEX even though he received payment from VLM which was the company which contracted the employees.

------------------------------------------------------------------------

**MASTER TRANSLATING SERVICES, INC.**
10651 N. KENDALL DRIVE, SUITE 220
MIAMI, FLORIDA 33176
(305) 279-2484
www.MasterTranslating.com

16. During the period of October 2010 to December 2010, the plaintiff fulfilled all the requirements to become a regular employee of the FEDEX company. Same was required to produce and he did provide the following: a clean criminal background with no priors, drug test, he was subjected to background checks by federal agencies which covered a period of 10 years back.

17. During said period, the plaintiff was subjected to a medical checkup by the employer. Same was performed by Dr. Janice Sanchez, license number 8936.

18. For that reason, Mr. Sanchez, began to work as a regular Fedex employee on December 21, 2010, continuing to perform the same duties as when he started in October 2010.

19. Thus, from the inception of his employment as a regular Fedex employee, the company had information in its records that the plaintiff had had a right hip replacement operation due to a car accident.

20. In spite of the foregoing, it never impeded the plaintiff from performing all the essential duties of his employment.

21. The plaintiff was originally assigned to work on the Rafael Hernandez Airport (BQN) ramp in Aguadilla, Puerto Rico. He worked at Aguadilla until he was granted a transfer to the Federal Express ramp, located at Luis Munoz Marin Airport, in San Juan, Puerto Rico. There he performed the same duties and occupied the same charge that he had in Aguadilla.

22. The plaintiff received evaluations **"Performance"** as excellent and received letters of recognition from his superiors, managers and "Senior Manager" of FEDEX of Puerto Rico.

23. For the year 2012, the plaintiff received the award **"Bravo Zulu,"** a specialized award granted by the parent company in Memphis, Tennessee. Said award is received by employees for their outstanding performance within the company.

24. This award is a very selective one and on the national and international levels, it is offered to very few employees who comply with high expectations within the company and it is the highest honor granted by FedEx to its employees for their execution and performance.

25. The plaintiff was a full time employee, from Saturday to Wednesday. Thursdays and Fridays were his days off.

------------------------------------------------------------------------------------------------
**MASTER TRANSLATING SERVICES, INC.**
10651 N. KENDALL DRIVE, SUITE 220
MIAMI, FLORIDA 33176
(305) 279-2484
www.MasterTranslating.com

26. On March 6, 2013, completing the days work, the plaintiff stated to his immediate supervisor Evelyn, that he had pain in the hip area. Likewise, once the flight was over, he stated to Mr. Victor Malagon who was the on-site shift manager, that he had pain in his hip, that he was going to take medication, that during the next Thursday, March 7 and Friday, March 8th of 2013, he was free, but that he would report how he was feeling on Friday.

27. Until that day, and from the start of his employment with FedEx, the plaintiff had never requested reasonable accommodation, nor had he had the need for same. Just the opposite, he had performed all of the essential duties of his post without any problem whatsoever.

28. On Friday, March 8, 2013, the plaintiff communicated via text message and telephone call with Mr. Victor Malagon, and he informed same that he was indisposed suffering from hip pain. He stated that on March 7, 2013, he had gone to the offices of Dr. Edgar Quintero, and that he had a referral and tests for the following week.

29. On March 12, 2013, a "Right Hip AP and Frog Legs View" test was performed on the plaintiff with the following results: "The patient is status post total hip artroplasty with adequate alignment. There are no acute abnormalities. There is no evidence of loosening. The right sacroiliac joint appears unremarkable," by Dr. Uriel Camacho of Imaging Center at Loiza Valley.

30. On Monday, March 11, 2013, the Plaintiff once again communicated with Mr. Victor Malagon, and reported to him that he had a medical certificate authorizing him to return to all of his activities on March 13, 2013. However, he reported that his specialist physician, Dr. Rafael Otero Hernando, orthopedic Surgeon, was the one who should interpret the test results and to provide him with the required care . The Plaintiff stated to Malagon that he had an appointment on March 14, 2013 with said specialist.

31. That on March 14, 2013, he was evaluated by the specialist who recommended rest until March 21, 2013, date on which he could return to work, without any restrictions whatsoever.

32. The Plaintiff submitted the medical receipts which accredited the foregoing, and each of the medical certificates certified that he was able to perform work as of the dates indicated therin, without any restrictions whatsoever.

33. On Thursday, March 21, 2013, the plaintiff reported to his place of work with the intention of reintegrating to his work during his assigned shift. Mr. Victor Malagon

-----------------------------------------------------------------------------------------

**MASTER TRANSLATING SERVICES, INC.**
10651 N. KENDALL DRIVE, SUITE 220
MIAMI, FLORIDA 33176
(305) 279-2484
www.MasterTranslating.com

took care of him and instructed him to start work on the following Sunday, March 31, 2013, since he had covered to that date for sick days.

34. On March 31, 2013, the plaintiff returned to work. After having completed his work shift, Mr. Gilbert Sedman, in charge of operations in the San Juan ramp, required him to give same his identification card and for him to appear at the FedEx main offices, in Guaynabo, P.R., to report to Mr. Carlos Dueno. Additionally, Mr. Sedman, indicated to the plaintiff that: "you could not work here, (referring to the ramp), because of your condition."

35. On April 1, 2013, the plaintiff appeared, as instructed, and met with the FedEx official who held the HCMP Advisor position , who stated to him that "he could not work on the ramp because of his health condition." He demanded that he submit evaluations from a specialist for the company to evaluate and determine if at some point he could return to work.

36. In spite of the information provided by the plaintiff, and the medical evidence which he had at that time, same which established that he was able to return to work without restrictions, the company impeded him from doing so.

37. The defendants required from the plaintiff three medical evaluations.

38. The defendants forced the plaintiff to sign documents requesting reasonable accommodations in spite of the fact that same had authorization from his doctors to work, without the need for any accommodations whatsoever. Said documentation was drafted in English and the defendants were aware of the fact that the plaintiff was not conversant with said language, nor was he aware of the implications or the meaning of reasonable accommodation .

39. On various occasions, the defendants summoned the plaintiff to the company's offices and would not see him.

40. The defendants required the plaintiff to execute documents at the request of FedEx Managers, in the English language, without having been instructed regarding the contents nor same having been translated.

41. The medical evaluations certified that the plaintiff was fit to perform his duties and same was willing to continue working. Nevertheless, the defendants ignored same and impeded him from continuing with his duties.

**MASTER TRANSLATING SERVICES, INC.**
10651 N. KENDALL DRIVE, SUITE 220
MIAMI, FLORIDA 33176
(305) 279-2484
www.MasterTranslating.com

42. The plaintiff complied with all of the terms required by the defendants, although same were illegal.

43. In spite of all of the efforts and the fact of being fit to perform all of the essential duties of his position, with or without reasonable accommodation, the defendants arbitrarily and illegally concluded that he was unable to perform the essential tasks of his job, wherefore; he was dismissed with an effective date of October 1, 2013.

44. The plaintiff filed a complaint before the Antidiscrimination Unit on November 4, 2013. At a hearing held on February 14, 2014, the plaintiff requested permission to file suit, which was granted on May 8, 2014 by the Labor Department.

45. The plaintiff requested unemployment benefits from the Labor and Human Resources Department. The documents submitted by the defendant, fraudulent documentation to said agency, since the documents submitted by same were not the ones executed by the plaintiff and had the signature of some other person who was not the plaintiff.

46. Additionally, the defendant alleged a pattern of absences by the plaintiff, in spite of the fact that it had acknowledged sick pay salary which the plaintiff had documented. Thus, incorrect information was submitted to said agency by the defendant.

47. The Department of Labor and Human Resources before such evaluation, admitted the plaintiff's unemployment benefits claim.

48. On the date of his dismissal, the plaintiff's salary was $10.45 per hour.

## FIRST CAUSE OF ACTION

49. All of the foregoing allegations are incorporated by reference.

50. The plaintiff at the time of the acts was 46 years old, wherefore he is an individual protected under the provisions of Law 100 of June 30, 1959, 20 L.P.R.A. Secs. 146-151 and the "Age Discrimination in Employment Act of 967," 29 U.S.C. §621 – 634, (ADEA).

51. After his dismissal, the plaintiff was substituted by a younger individual, not covered within the protected age group.

52. The defendant used as a pretext to dismiss the plaintiff that same was unable to perform the essential duties of his position due to his alleged impediment.

-------------------------------------------------------------------------------
## MASTER TRANSLATING SERVICES, INC.
10651 N. KENDALL DRIVE, SUITE 220
MIAMI, FLORIDA 33176
(305) 279-2484
www.MasterTranslating.com

53. That the true reason for his dismissal was due to his age, since the defendant kept personnel with less seniority and substituted the plaintiff with a younger employee to perform his duties.

54. The plaintiff's uncollected wages are in the amount of at least $29,000.00 to date, and said sum, shall continue to grow until same is able to obtain employment with equal or greater remuneration. Said amounts are claimed.

55. The plaintiff has suffered great economic damages as a result of the discriminatory dismissal. His accounts are seriously in arrears, he has been unable to pay alimony and is about to be put in jail as a result of same and his credit has been seriously affected. Said damages are estimated to equal a sum of not less than $500,000.00 and in accordance with the provisions of the aforementioned Law 100, he is entitled to double that amount.

56. That the defendant has caused damages and mental anguish to the plaintiff, which have been continuous and are estimated in the amount of not less than $800,000.00 and in accordance with the provisions of the aforementioned Law 100, he is entitled to double that amount.

57. The plaintiff has the right to be reinstated to his post, as well as any other legal remedy under the Law.

## SECOND CAUSE OF ACTION

58. All of the foregoing allegations are incorporated by reference.

59. The defendant dismissed the plaintiff alleging that same was unable to perform the essential duties of his post, in spite of the fact that he was able to perform them, with or without any reasonable accommodation and he had so performed same outstandingly from the time he was hired, discriminated as such against same due to his real or apparent impediment, all of which is in violation of Law No. 44-1985, Law of Prohibition of Discrimination against the Disabled and the America with Disabilities Act of 1990, as amended.

60. The salary uncollected by the plaintiff total no less that $29,000.00 to date, and said sum shall continue to grow until same is able to obtain employment with equal or greater remuneration. Said amounts are claimed.

61. The plaintiff has suffered great economic damages as a result of the discriminatory dismissal. His accounts are seriously in arrears, he has been unable to pay alimony and is about to be put in jail as a result of same and his credit has been

C:\Users\Yadira\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.IE5\WR03T8XU\Demanda Jorge Sanchez.doc                7

seriously affected. Said damages are estimated to equal a sum of not less than $500,000.00 and in accordance with the provisions of the aforementioned Law 100, he is entitled to double that amount.

62. That the defendant has caused damages and mental anguish to the plaintiff, which have been continuous and are estimated in the amount of not less than $800,000.00 and in accordance with the provisions of the aforementioned Law 100, he is entitled to double that amount.

63. The plaintiff has the right to be reinstated to his post, as well as any other legal remedy under the Law.

### THIRD CAUSE OF ACTION

64. All of the foregoing allegations are incorporated by reference.

65. Alternatively, in view of the fact that in this case, the dismissal did not result from any of the justified causes provided for under Article 2 of Law 80, the plaintiff's dismissal is unjustified in accordance with the provisions of the aforementioned Law.

66. Since this is an unjustified dismissal, the plaintiff is entitled to the insemination provided for under Law 80 of May 30, 1976, as amended, same which totals a sum not less than $4,455.88.

**WHEREFORE,** we respectfully petition that this Honorable Court **ADMIT** this complaint, and in virtue thereof grant all petitioned for under same, ordering the defendant to pay the sums claimed herein plus costs and legal fees incurred by the plaintiff as a result of this action. In addition to order that the defendants respond jointly.

In San Juan, Puerto Rico, February 17, 2015.

**RESPECTFULLY SUBMITTED.**

/s/ illegible                                        /s/ illegible

| LIC. YADIRA ADORNO DELGADO | FREDESWIN PEREZ CABALLERO |
|---|---|
| RUA 10,626 | RUA 13,540 |
| 1605 AVE. PONCE DE LEON | PO BOX 723 |
| SUITE 600 | CAGUAS, PR 00726-0723 |
| SAN JUAN, PR 00909 | TEL. : (787) 239-7226 |
| TEL. : (787) 725-1116 | FAX. : 1-888-670-3947 |
| FAX. : (787) 945-7416 | E-MAIL : fpclaw@GMAIL.COM |
| E-MAIL : adornolaw@hotmail.com | |

C:\Users\Yadira\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.IE5\WR03T8XU\Demanda Jorge Sanchez.doc                    8

---

STATE OF FLORIDA      )
                             :

COUNTY OF MIAMI-DADE )

BEFORE ME, A NOTARY PUBLIC IN AND FOR THE STATE OF FLORIDA AT LARGE, APPEARS MARTHA CORDERO ESQUIVEL, WHO IS PERSONALLY KNOWN TO ME, FOR AND ON BEHALF OF MASTER TRANSLATING SERVICES, INC., WHO, AFTER BEING DULY SWORN, DEPOSES AND SAYS THAT SHE IS CERTIFIED BY THE ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS IN THE SPANISH AND ENGLISH LANGUAGES AND THAT THIS IS A TRUE AND CORRECT TRANSLATION OF THE ATTACHED DOCUMENT, CONSISTING OF _____ PAGE(S), AND THAT THIS IS THE LAST OF THE ATTACHED.

_____
MARTHA CORDERO-ESQUIVEL

SWORN TO AND SUBSCRIBED THIS 12 DAY OF
*word* A.D., 2015

MY COMMISSION EXPIRES:

MARIBEL CORDERO
Notary Public - State of Florida
My Comm. Expires Feb 24, 2016
Commission # EE 171837
Bonded Through National Notary Assn.

_____
NOTARY PUBLIC,
STATE OF FLORIDA AT LARGE.

The utmost care has been taken to ensure the accuracy of all translations. Master Translating Services, Inc. and its employees shall not be liable for any damages due to negligence or error in typing or translation.

-------------------------------------------------------------------------

**MASTER TRANSLATING SERVICES, INC.**
10651 N. KENDALL DRIVE, SUITE 220
MIAMI, FLORIDA 33176
(305) 279-2484
www.MasterTranslating.com